John Karl Buche (SBN 239477)
Sean M. Sullivan (SBN 254372)
BUCHE & ASSOCIATES, P.C.
875 Prospect, Suite 305
La Jolla, California 92037
T: 858.812.2840  F: 858.459.9120
jbuche@buchelaw.com
ssullivan@buchelaw.com

Ronald S. Bienstock (*Pro Hac Vice*)
Brent M. Davis (*Pro Hac Vice*)
BIENSTOCK & MICHAEL, P.C.
Continental Plaza
411 Hackensack Avenue, 7th Floor
Hackensack, New Jersey 07601
T: (201) 525-0300  F: (201) 525-0133
rbienstock@musicesq.com
bdavis@musicesq.com

Attorneys for Plaintiffs,
ESP SHIBUYA ENTERPRISES, INC.,
& E.S.P. CO., LTD

Kurt Koenig (SBN 135707)
KOENIG & ASSOCIATES
920 Garden Street
Santa Barbara, CA 93101
T: 805-965-4400 F: 805-564-8262
Kurt@incip.com

Attorney for Defendant,
FORTUNE FASHIONS
INDUSTRIES, LLC

FILED
CLERK, U.S. DISTRICT COURT
AUG 17 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

NOTE CHANGES MADE BY THE COURT.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| ESP SHIBUYA ENTERPRISES, INC., a California corporation, and E.S.P. CO., LTD., a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>FORTUNE FASHIONS INDUSTRIES, LLC, a California corporation and JOHN DOES 1-10,<br><br>Defendants. | CASE NO. CV09- 3471 RSWL (PJWX)<br><br>**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER AND [PROPOSED] PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY THE COURT |

Pursuant to Central District of California Civil Local Rules 7-1 and 52-9, the parties in the above-captioned action hereby jointly agree and stipulate, through their respective counsel, to entry of a protective order, the terms of which are detailed in the proposed Protective Order, attached to this stipulation as Attachment A.

Date: 8/13/2009

JOHN KARL BUCHE
SEAN M. SULLIVAN
BUCHE & ASSOCIATES, P.C.

RONALD S. BIENSTOCK
BRENT M. DAVIS
BIENSTOCK & MICHAEL, P.C.

Attorneys for Plaintiffs,
ESP SHIBUYA ENTERPRISES, INC., &
E.S.P. CO., LTD

Date: 8/13/2009

KURT KOENIG
KOENIG & ASSOCIATES

Attorney for Defendant,
FORTUNE FASHIONS INDUSTRIES, LLC

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I hereby certify that on Thursday, August 13, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following individual(s):

Attorneys for Defendant Fortune Fashion Industries, LLC:
Kurt Koenig
KOENIG & ASSOCIATES
920 Garden Street
Santa Barbara, CA 93101

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on Thursday, August 13, 2009, at La Jolla, California.

/s/ John Karl Buche

JOHN KARL BUCHE

## Attachment A
## PROTECTIVE ORDER

The parties to the above-captioned matter and the Court recognize that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE, IT IS HEREBY ORDERED that:

1. All Classified Information proposed or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating such information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such a designation only as to the information that it reasonably and in good faith believes contains confidential financial, security, personal, commercial, proprietary business, trade secret, research, or development information.. Information or material which is available to the public, including catalogues, advertising materials, and the like, shall not be

classified.

3. "Qualified Persons," as used herein means:

   (a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for the purposes of this litigation;

   (b) Actual or potential independent technical experts or consultants who have been designating in writing to counsel prior to the disclosure of "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information to such persons and who have signed a document agreeing to be bound by the terms of this protective order (such signed document to be filed with the Clerk of this Court by the attorney retaining such person);

   (c) The party or one party representative (in cases where the party is a legal entity) who shall be designated in writing by the party prior to any disclosure of "Confidential" information to such person and who shall sign a document agreeing to be bound by the terms of this Protective Order (such signed document to be filed with the Clerk of this Court by the party designating such person);

   (d) Stenographers; and

   (e) If this Court so elects, any other person may be designated as a Qualified Person by order of this Court after notice and hearing to all parties.

4. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

In the event any producing party discovers, after it has produced information,

1. that it has inadvertently produced information that has not been correctly designated
2. as "Confidential," the producing party may, within thirty (30) days of the discovery
3. of such inadvertent production, correct that error by a subsequent designation made
4. in writing specifically identifying the designated information. Upon receipt of such
5. notice, the parties shall treat such information in accord with this Protective Order.
6. When an attorney receives notice that information was mistakenly produced without
7. the proper designation, the attorney will immediately notify any person who
8. received the information, but who was not entitled to receive it, and inform that
9. person that they must immediately return the information and any copies thereof to
10. the attorney. The attorney will also instruct the person that they must not disclose
11. any of the newly designated "Confidential" information.
12.     Any party that inadvertently produces a document that is privileged because
13. the document is an attorney-client communication or is privileged under the work-
14. product doctrine may request in writing that the attorney for the party receiving the
15. document return the document and any copies. Upon receipt of such request, the
16. receiving party must, within three (3) business days of the request, return the
17. document and any copies, or certify that all copies have been destroyed, without any
18. prejudice to the receiving party's right to bring a motion to compel production of
19. the document asserted to be privileged. In addition, the document asserted to be
20. privileged, unless it is later deemed not to contain privileged information or is
21. produced in redacted form, may not be introduced into evidence, either directly or
22. by reference to the document or its contents.
23.     5.   Information disclosed at (a) the deposition of a party or one of its
24. present or former officers, directors, employees, agents or independent experts
25. retained by counsel for the purpose of this litigation, or (b) the deposition of a third
26. party (which information pertains to a party) may be designated by any party as
27. "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by
28. indicating on the record at the deposition that the testimony is "Confidential" or

"For Counsel Only" (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential" and/or "For Counsel Only" (or "Attorneys' Eyes Only") information shall have page numbers that correspond to the blank pages in the main transcript.

6.  (a)  "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a)-(D) above.

(b)  Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3(b) above, shall be maintained only at the office of such Qualified Person and only working copies shall be made of any such documents. Copies of

1  documents produced under this Protective Order may be made, or exhibits prepared
2  by independent copy services, printers or illustrators for the purpose of this
3  litigation.

4      7.    Documents previously produced shall be retroactively designated by
5  notice in writing of the designated class of each document by Bates number within
6  thirty (30) days of the entry of this Order. Documents unintentionally produced
7  without designation as "Confidential" may be retroactively designated in the same
8  manner and shall be treated appropriately from the date written notice of the
9  designation is provided to the receiving party.

10      Documents to be inspected shall be treated as "For Counsel Only" (or
11  "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving
12  parties, such inspected documents shall be stamped prominently "Confidential" or
13  "For Counsel Only" (or "Attorneys' Eyes Only") by the producing party.

14      8.    Nothing herein shall prevent disclosure beyond the terms of this Order
15  if each party designating the information as "Confidential" or "For Counsel Only"
16  (or "Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice
17  to all affected parties, orders such disclosures. Nor shall anything herein prevent any
18  counsel of record from utilizing "Confidential" or "For Counsel Only" (or
19  "Attorneys' Eyes Only") information in the examination or cross-examination of any
20  person who is indicated on the document as being an author, source or recipient of
21  the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information,
22  irrespective of which party produced such information.

23      9.    A party shall not be obligated to challenge the propriety of a
24  designation as

25  "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time
26  made, and a failure to do so shall not preclude a subsequent challenge thereto. In the
27  event that any party to this litigation disagrees at any stage of these proceedings
28  with the designation by the designating party of any information as "Confidential"

1 or "For Counsel Only" (or "Attorneys' Eyes Only") or the designation of any person
2 as a Qualified Person, the parties shall first try to resolve such dispute in good faith
3 on an informal basis, such as by production of redacted copies. If the dispute cannot
4 be resolved, the objecting party may invoke this Protective Order by objecting in
5 writing to the party who has designated the document or information as
6 "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating
7 party shall be required to move the Court for an order preserving the designated
8 status of such information within fourteen (14) days of receipt of the written
9 objection, and failure to do so shall constitute a termination of the restricted status
10 of such item.

The parties may, by stipulation, ~~provide for~~ [SEEK THE COURT'S PERMISSION FOR] exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

10. Nothing shall be designated as "For Counsel Only" (or "Attorneys' Eyes Only") information except information of the most sensitive nature which, if disclosed to persons of expertise in this area, would reveal significant technical or business advantages of the producing or designating party, and which includes as a major portion subject matter which is believed to be unknown to the opposing party or parties, or any of the employees of the corporate parties. Nothing shall be regarded as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information if it is information that either:

    (a) is in the public domain at the time of disclosure, as evidenced by a written document;

    (b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

    (c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

    (d) the receiving party lawfully receives such information at a later

date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

11. In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein shall be filed under seal with the Court.

~~12. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated in whole or in part as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.~~

13. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Order.

14. Upon final termination of this action, including all appeals, all parties and experts shall at the option of the producing party (i) return to the producing party or destroy all originals of material produced and designated as Classified Information and all identical copies, whether in whole or in part, of such documents, or (ii) destroy all copies thereof, except that, with respect to word processing and database tapes and disks, they shall destroy such tapes or disks to the extent practicable. Outside counsel for each party shall be entitled to retain copies of any documents that contain or refer to information designated as Classified Information that have been filed with the Court, admitted into evidence, or constitute a portion of or an exhibit to any deposition, provided that all such documents shall remain subject to this Order. Counsel of record for the parties shall certify in writing to each producing person that the foregoing has been complied with.

15. This Order shall not bar any attorney herein in the course of rendering

1  service to his client with respect to this litigation from conveying to any party client
2  who is not covered under section 3(c), his evaluation in a general way of
3  "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information
4  produced or exchanged herein; provided, however, that in rendering such advice and
5  otherwise communicating with his client, the attorney shall not disclose the specific
6  contents of any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only")
7  information produced by another party herein, which disclosure would be contrary
8  to the terms of this Protective Order.

9      16. Any party designating any person as a Qualified Person shall have the
10  duty to reasonably ensure that such person observes the terms of this Protective
11  Order and shall be responsible upon breach of such duty for the failure of any such
12  person to observe the terms of this Protective Order.

13      17. The restrictions of the Order shall survive the termination of this
14  lawsuit.

15      18. In the event that a party to this stipulation receives a discovery request,
16  subpoena, order or other form of compulsory process from a third-party who is not a
17  party to this proceeding (the "Demand"), requiring that party (the "Subpoenaed
18  Party") to produce documents that have been designated as "Confidential" by the
19  other party (the "Designating Party"), the Subpoenaed Party shall promptly notify
20  the Designating Party of the Demand. If the Designating Party elects to resist
21  production of the documents, the Designating Party shall promptly notify the
22  Subpoenaed Party. The Subpoenaed Party shall cooperate in affording the
23  Designating Party the opportunity to oppose or limit production of the documents,
24  provided however that the Designating Party shall bear all reasonable expenses,
25  including reasonable attorneys' fees, incurred by the Subpoenaed Party in
26  connection therewith.

27      19. Any non-party to this action who desires the protection of this Order
28  with respect to any information obtained from it in this action may obtain such

protection by having its counsel execute and deliver to each party an Acknowledgment of the Protective Order attached hereto as Exhibit A, thereby agreeing to be bound by its provisions. The non-party or the party requesting information from the non-party seeking the protection of this Order shall file the executed copy with the Court.

20. Nothing contained herein shall limit in any way the use of Classified Information by the producing party or its attorneys and their employees or prevent them from revealing such Classified Information to whomever they choose.

IT IS SO ORDERED. IT IS FURTHER ORDERED, subject to public policy, and further court order, that nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

Executed this __17__ day of __August__, 2009.

_Patrick J. Walsh_
Hon. Patrick J. Walsh
Magistrate Judge, United States District Court

# EXHIBIT A

## TO PROTECTIVE ORDER

### ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER

_____,
(name of person)

_____
_____,
(address and phone number)

acknowledges that I have read the Protective Order entered in the matter of <u>ESP Shibuya Enterprises, Inc., et al. v. Fortune Fashions Industries, LLC et al</u>. and hereby agree to be bound by its terms. The Undersigned hereby acknowledges that the United States District Court for the Central District of California (the "Court") has subject matter jurisdiction over any matters concerning the Protective Order including but not limited to matters concerning disputes, enforcement, and violations of the Protective Order. The Undersigned submits to the personal jurisdiction of the Court with respect to all matters concerning the Protective Order.

Dated: _____.

_____
(name)

_____
(signature)